[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13768
Non-Argument Calendar

_____

D.C. Docket No. 9:14-cr-80081-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH SIGNORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 22, 2021)

Before GRANT, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Joseph Signore, a federal prisoner proceeding *pro se*, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. We affirm.

**I.**

Signore was convicted of various wire fraud, mail fraud, and money laundering crimes, which caused over $30 million in losses to his victims. He was sentenced to 240 months' imprisonment.

In the midst of the COVID-19 pandemic, Signore filed a pro se motion under 18 U.S.C. § 3582(c)(1)(A)(i) seeking a reduction in his sentence because he suffered from hypertension and high blood pressure. He alleged that these conditions made him particularly susceptible to death or another serious complication from COVID-19.

The government opposed Signore's motion. First, citing the Sentencing Commission's relevant policy statement, the government argued that Signore could not establish extraordinary and compelling reasons for a reduction based on his health. Signore's medical records, which the government provided, reflect that Signore's hypertension and blood pressure can be managed by medication and become problematic only when Signore refuses to take his medication as prescribed. Second, the government argued that, even if Signore could establish that his health condition was an "extraordinary and compelling reason" for a reduction in his

2

sentence, it would be inappropriate to reduce his sentence considering the Section 3553(a) factors. Specifically, the government emphasized that Signore had caused $30 million in losses to his victims, had served less than 25% of his sentence, and had committed his violations while on probation for prior offenses.

The district court denied Signore's motion with the following statement:

> The Defendant has not demonstrated "extraordinary and compelling reasons" that warrant a reduction in his sentence, especially given the seriousness of his crime and the limited time of his sentence that has been served. After reviewing the Defendant's motion and the Government's response, it is ORDERED and ADJUDGED that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is hereby DENIED.

Signore timely appealed.

## II.

We review a district court's denial of a prisoner's Section 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). A district court also abuses its discretion when it commits a clear error of judgment. *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005). When review is only for abuse of discretion, it means that the district court had a range of choice and that we cannot reverse just because we might have come to a different

conclusion had it been our call to make. *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004).

## III.

Signore's *pro se* brief, which we liberally construe, makes three arguments about the district court's order. First, he argues that the district court did not provide an adequate explanation for denying relief sufficient for appellate review. Second and relatedly, he argues that the district court conflated the determination of "extraordinary and compelling reasons" with the subsequent application of the sentencing factors under 18 U.S.C. § 3553(a). Third, Signore argues that the district court abused its discretion when it did not grant his motion. We disagree.

Section 3582(c)(1)(A)(i) requires a court to determine whether an inmate is eligible for relief and then, if eligible, whether relief should be granted. As a threshold issue, an inmate is eligible for relief only if a court "finds that extraordinary and compelling reasons warrant" a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). This determination must be consistent with applicable policy statements issued by the Sentencing Commission that define the universe of "extraordinary and compelling" reasons that may warrant relief. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13; *United States v. Bryant*, --- F.3d ----, No. 19-14267 (11th Cir. May 7, 2021). If a court concludes that an inmate has established extraordinary and compelling reasons for a reduction, then the court must consider

4

the Section 3553(a) factors in deciding whether to grant a reduction. Those factors include considerations like "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2). Accordingly, a court may deny relief because the defendant is not eligible, because relief would be inappropriate under the Section 3553(a) factors, or for both reasons.

Although brief, we understand the district court's order to have denied relief for both reasons. The district court determined that Signore had not "demonstrated 'extraordinary and compelling reasons' that warrant a reduction in his sentence," which resolves his eligibility. And the district court also explained that it would deny relief "given the seriousness of his crime and the limited time of his sentence that has been served," which weighs the Section 3553(a) factors.

In this respect, the district court's order is meaningfully more thorough than orders that have not provided a sufficient basis for our review. In *United States v. Cook*, --- F.3d ----, No. 20-13293 (11th Cir. May 27, 2021), we held that the district court did not provide a sufficient basis for review where it wrote: "The defendant's age (47 years) and ailments (hypertension, obesity, and Latent Tuberculosis) are not extraordinary and compelling circumstances for a reduction to 'time served.'" But in *Cook*, unlike here, the government had conceded that the prisoner's medical conditions were "extraordinary and compelling circumstances" that made him

5

eligible for relief. *Id.*, Slip Op., at 9. The question for us in *Cook*, therefore, was only whether the district court had sufficiently "considered the applicable § 3553(a) factors" for us to review its weighing of those factors. *Id.* at 8. We noted that nothing in the district court's order "suggest[s] that the court considered, balanced, or weighed any" of those factors, and we explained that we could not weigh them for the first time on appeal. *Id.* Here, unlike in *Cook*, it is apparent that the district court concluded both that Signore was ineligible for relief (as the government had argued) and that, even if eligible, relief would be unwarranted under the Section 3553(a) factors (as the government had also argued).

We cannot say the district court erred in either ruling. An inmate's medical condition may be an "extraordinary and compelling reason" warranting a sentence reduction if the inmate's physical or mental condition diminishes his ability to provide self-care in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. (n.1). Although Signore suffers from hypertension and high blood pressure, those medical problems do not establish eligibility for a reduced sentence, even considering the COVID-19 pandemic.[1] Indeed, we have already held that a district court does not err in refusing to reduce a prisoner's sentence because his hypertension might increase the risk of a severe illness from COVID-19. *See United*

---

[1] The government informed us that Signore was vaccinated against COVID-19 while his appeal was pending. But that fact was not before the district court and, therefore, does not affect our analysis.

*States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021). Moreover, even if Signore had established his eligibility, the district court was well within its discretion deny relief based on the seriousness of his offense and the relatively short period of time that he had served in prison. *See also id.*

## IV.

We **AFFIRM** the district court's denial of Signore's motion for a reduction in his sentence.